# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1611 | **DATE** | 08/05/2002 |
| **CASE TITLE** | | Monosol, LLC v. Cast Film, Inc, etal. | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Partial Motion to Dismiss (#22-1) and to Strike (#22-2)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the attached reasons, the Court GRANTS Defendants' motion to dismiss Counts III through XI and Count XII and DENIES their motion to dismiss Count I (#22-1). Additionally, the Court GRANTS Defendants' motion to strike paragraphs 24 through 93 and DENIES their motion to strike paragraphs 97 through 101 of the First Amended Complaint (#22-2). Enter Memorandum Opinion and Order.

(11) [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 07 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 42 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| JHC | courtroom deputy's initials | U.S. DISTRICT COURT | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**AUG 0 7 2002**

MONOSOL, L.L.C. )
    Plaintiff, )
) NO. 02 C 1611
v. )
) JUDGE WILLIAM J. HIBBLER
CAST FILM TECHNOLOGY, INC.; )
AQUAFILM, L.L.C.; HENRY E. KNOOP; )
and JAMES M. ROSSMAN )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

MonoSol, L.L.C. ("MonoSol") brings this action against defendants Henry Knoop ("Knoop"), James M. Rossman ("Rossman"), Cast Film Technology, Inc. ("Cast Film") and Aquafilm, L.L.C ("Aquafilm") and alleges a breach of a prior settlement agreement, fraudulent inducement to settle lawsuit and RICO § 1962(c) claims. Defendants Cast Film, Aquafilm and Rossman ("Defendants") move to dismiss Counts III - XI for failure to state a claim; specifically, Defendants argue Plaintiff's counts and allegations from prior litigation are time barred by Federal Rule of Civil Procedure 60(b)'s one-year statute of limitations and by the principle of *res judicata*. In addition, Defendants move to strike paragraphs 25 through 93 of the First Amended Complaint which support Counts III through XI. Defendants also move to dismiss MonoSol's Fraudulent Inducement Claim (Count I) for failure to state a claim and to strike paragraphs 97 through 101 of the First Amended Complaint. Finally, Defendants move to dismiss Count XII for failure to allege an adequate RICO enterprise. For the

1

42

following reasons, Defendants' partial motion to dismiss and motion to strike is GRANTED in part and DENIED in part.

### Facts

Judge James H. Alecia had these same parties before him on the underlying matter: a settlement agreement arising out of, among other things, alleged trades secret violations, corporate conspiracy, RICO violations, Lantham Act violations, tortuous interference with customer relationships and breach of fiduciary duty. On November 16, 1998, MonoSol, then known as Chris-Craft Industrial Products, Inc. ("CCIP"), filed suit in the Northern District of Illinois before Judge Alesia and eventually included Cast Film and Rossman as defendants. On August 28, 2000, CCIP entered into a settlement agreement with Cast Film and Rossman. On October 10, 2000, the case was dismissed with prejudice by Judge Alesia, pursuant to stipulation of the parties. The settlement agreement prohibits Cast Film and Rossman from soliciting, marketing or selling PVA films to six specific companies.

The relationship between the parties begins with Rossman, who until June 26, 1998, was President of CCIP. After leaving CCIP, Rossman became the President of Cast Film. In the previous matters before Judge Alesia, Rossman was accused of conspiring with Kuraray, a CCIP competitor, to form Cast Film. During the settlement of the previous claims, Rossman and Cast Film created Cast Film L.L.C.. Cast Film L.L.C. went on to form a subsidiary in the United Kingdom known as Cast Film Europe. In December 2000, Cast Film Europe acquired

2

Aquafilm. Rossman was named director Aquafilm on December 14, 2000.

In its present Complaint before this Court, MonoSol requests that claims against Rossman and Cast Film that were dismissed pursuant to the settlement agreement in the prior litigation be reinstated and set for trial. These claims are set forth in Counts III - XI as nine "conditional counts" brought against Cast Film and Rossman, together and separately, for misappropriation of trade secrets, RICO violations and RICO conspiracy, civil conspiracy, tortuous interference with customer relationships, breach of fiduciary duty, and breach of confidentiality agreement. In addition to these repleaded "conditional" claims, MonoSol also brings new allegations of fraudulent inducement to settle lawsuit (Count I) and RICO § 1962 violations (Count XII).

Before the Court now are defendants Cast Film, Aquafilm, and Rossman's partial motion to dismiss Count I and Counts III through XII for failure to state a claim upon which relief may be granted and their motion to strike portions of the First Amended Complaint that support Count I and "conditional" Counts III through XI.

### Motion to Dismiss Standard of Review

A plaintiff fails to state a claim upon which relief may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Leahy v. Board of Trustees of Community College District No. 508*, 912 F.2d 917, 921 (7th Cir. 1990)(quoting *Conley v. Gibson*, 355

3

U.S. 42, 45-46 (1957)). "We assume well-pleaded allegations are true and shall draw all reasonable inferences in the light most favorable to the plaintiff." *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), "we must accept as true all the plaintiff's well-pleaded factual allegations and the inference reasonably drawn from them." *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Yeksignian v. Nappi*, 900 F.2d 101, 102 (7th Cir. 1990). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson*, 910 F.2d at 1520 (quoting *Triad Assocs., Inc. v. Chicago Hous. Authority*, 892 F.2d 583, 586 (7th Cir. 1989)).

**Analysis**

"Conditional" Counts III through XI

Federal Rule of Civil Procedure 60(b)'s one-year statute of limitations prevents Plaintiff from requesting that this Court reconsider Judge Alecia's earlier order in this matter. Rule 60(b) provides for a party to ask the Court to relieve it from a final judgment for various reasons, including fraud or misrepresentation, provided the Plaintiff brings the Rule 60(b) motion no later than one year after judgment was entered. Fed. R. Civ. P. 60(b). However, Rule 60(b) relief "is an extraordinary remedy and is granted only in exceptional circumstances," *Nodal Sys. Corp. v. Burke*, No. 00 C 2392, 2001 WL 664394, at *2 (N.D. Ill. June 13, 2001)(citations omitted), and the one-year limit is strictly enforced. *Kagan v. Caterpillar*

4

*Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986) ("[T]he one year period [in Rule 60(b)] represents an extreme limit, and the motion will be rejected as untimely if not made within a reasonable time, even though the one year had not expired"); *Breslow v. Prudential-Bache Props.*, No. 91 C 1230, 1993 WL 150052, at *5 n.3 (N.D. Ill. May 7. 1993) (Rule 60(b)(3) motion based on alleged fraudulent withholding of material facts during settlement negotiation is time barred where brought more than one year after entry of final judgment). Rule 60(b) has a "strict one-year time limit" for any motion seeking relief for a judgment allegedly procured by fraud. Fed. R. Civ. P. 60(b); *United States v. Beggarly*, 524 U.S. 38, 46 (1998). Once that "strict one-year time limit" has passed, a party seeking to overturn a judgment must bring an independent action under Rule 60(b), and such an action is available "only to prevent a grave miscarriage of justice." *Beggarly*, 524 U.S. at 46. "Independent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of *res judicata*." *Id.* (citation omitted).

MonoSol did not bring a Rule 60(b) motion to reconsider within one-year and thus Rule 60(b) relief will only be allowed if there is a "grave miscarriage of justice." *Id.* The Court does not believe there was a "gave miscarriage of justice" here. The earlier litigation was pending for nearly two years before it was settled and

dismissed with prejudice. During that time, the parties negotiated a detailed, seven page Settlement Agreement. The agreement permits Rossman and Cast Film to compete with CCIP/MonoSol, but prevents Rossman and Cast Film from soliciting the six MonoSol customers in the settlement Agreement. MonoSol's many allegations do not qualify as a "grave miscarriage of justice" necessary to overturn a judgment.

In addition, the doctrine of *res judicata* bars MonoSol from pleading these same couns from its settlement agreement. Dismissal with prejudice is

> "as conclusive of the rights of the parties as if the matter had proceeded to trial and had been resolved by final judgment after trial, being *res judicata* of all questions which might have been litigated in the suit … this rule applies with equal force to dismissals with prejudice which result from settlements or compromises between the parties."

*Cartolano v. Tyrell*, 421 F. Supp 526, 529 (N.D. Ill. 1976) (internal citations omitted).

Here, MonoSol has merely suggested Defendants procured the earlier judgment through fraud. However, bare allegations are insufficient to override the Court's "rigid adherence to the doctrine of *res judicata*." *Beggerly*, 524 U.S. at 46. Furthermore, MonoSol's attempt to reinstate its original claims against Rossman and Cast Film without first establishing that Judge Alesia's uncontested dismissal would promote a "grave miscarriage of justice" would ignore the basic principles of *res judicata*. The Court is not prepared to take this

drastic measure.[1] Accordingly, Counts III through XI are dismissed with prejudice.

## Count I - Fraudulent Inducement

A plaintiff need not put all of the essential facts in the complaint; he or she may supplement with an affidavit or brief with additional fact to defeat a motion to dismiss if facts are consistent with allegations in the complaint. *Help at Home, Inc., v. Meducal Capital, L.L.C.*, 260 F.3d. 748 (7th Cir. 2001). Here, MonoSol points to Rossman's and Cast Films' alleged duty to disclose their probable business plans in their responses to the interrogatories served in the earlier lawsuit. Furthermore, in its Complaint, MonoSol has adequately pleaded the elements of a Fraudulent Inducement claim to put Defendants on notice. Plaintiff benefits from the liberal pleading standard accorded to Plaintiff in a motion to dismiss. Accordingly, Count I is not dismissed.

## Count XII - RICO § 1962 Claim

Defendants seek dismissal of Count XII from MonoSol's First Amended Complaint on the grounds that MonoSol failed to adequately plead its RICO claim. MonoSol's RICO claim is brought under 18 U.S.C. §§ 1962(c). Defendants assert MonoSol has failed to allege an adequate RICO enterprise.

As this is a motion to dismiss, the Court will "treat as true the

---

[1] Plaintiff may still pursue Counts I and II to obtain relief.

7

facts alleged in the complaint, though of course with out vouching for their truth." *Bachman v. Bear, Stearns & Co. Inc.*, 178 F.3d 930, 931 (7th Cir. 1999). While Plaintiff benefits from the liberal pleading standard, Plaintiff has failed to plead a RICO claim; specifically, MonoSol fails to allege an adequate association-in-fact enterprise.

MonoSol contends defendants Rossman, Aquafilm, Cast Film and Knoop violated § 1962(c), which makes it unlawful for "any person employed by or associated with [an] enterprise ... to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. §1962(c). To state a claim under this section, MonoSol must plead (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 644 (7th Cir. 1995)(citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Defendants contend MonoSol is not able to allege an adequate RICO enterprise.

A RICO complaint must identify the enterprise. *Richmond*, 52 F.3d at 644. An "association-in-fact" enterprise, as alleged by MonoSol, is defined by RICO as a "union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4); *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). While a RICO enterprise can be formal or informal, some type of organizational structure is required. *Bachman*, 178 F.3d at 931. A

RICO enterprise much have "an ongoing 'structure' of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchal or consensual decision making." *Jennings v. Emry*, 910 F.2d 1434, 1440 (7th Cir. 1990)(citations omitted).

MonoSol attempts to establish a RICO enterprise by pleading that certain individual components of the alleged enterprise, i.e. Aquafilm and Kuraray, have an independent structure and purpose. However, MonoSol only identifies an independent purpose and structure of the entities and individuals who are merely alleged to be members of the association-in-fact enterprise. MonoSol fails to plead any independent purpose or structure for the alleged enterprise itself. "An enterprise is distinct, separate, and apart from a pattern of racketeering activity: although a pattern of racketeering activity may be the means through which the enterprise interacts with society, it is not itself the enterprise, for an enterprise is defined by what it is, not what it does." *Id.*

As to purpose, the Complaint claims no goals or agenda for the enterprise other than to gain a business advantage and profit by unlawfully taking Monosol's secrets. Courts have dismissed RICO claims due to an inadequate "enterprise" when the purpose of the alleged "enterprise" is solely the commission of the alleged unlawful acts. *See Bachman*, 178 F.3d at 932; *Okaya, Inc. v. Denne Indus.*, No. 00 C 1203, 2001 WL 1727785, *2 (N.D.Ill. Nov. 20, 2001). It is not enough to merely allege some of the component entities have an

independent, lawful purpose. *See Bachman*, 178 F.3d at 932. Here, MonoSol has not established the requisite purpose to allege a RICO enterprise. Likewise, MonoSol has not identified a command structure for the alleged association-in-fact enterprise. MonoSol fails to allege the separate entities "function[ed] with [Rossman] as a continuing unity or as an ongoing structured organization." *Stachon*, 299 F.3d at 676. Additionally, it is not enough that the individual components, i.e. Aquafilm and Kuraray, were structured organizations. The enterprise itself must have structure. *Richmond*, 52 F.3d at 646 ("[P]laintiff's naming of a string of entities does not adequately allege an enterprise."). Here, there is no structure to the alleged enterprise itself.[2] As courts have stated, to survive a motion to dismiss, a plaintiff must present something more than a pattern of racketeering activity and allegations of conspiracy; "otherwise, every conspiracy to commit fraud that requires more than one person to commit is a RICO organization and consequently every fraud that requires more than one person to commit is a RICO violation." *Stachon*, 229 F.3d at 676 (quoting *Bachman*, 178 F.3d at 932).

Therefore, the Court dismisses Count XII of the First Amended Complaint.

---

[2] This case closely resembles *Okaya, Inc.*, 2000 WL 1727785. There, the RICO claim was dismissed because the complaint "merely explain[ed] the roles of each Defendant without addressing the structure of the enterprise or how Defendants' activities benefitted the group as an independent entity." *Id.* at *7.

## Motion to Strike

Defendants also move to strike portions of the First Amended Complaint that support Count I and "conditional" Counts III through XI. Since the Court has dismissed Counts III through XI, then the factual basis supporting the allegations must be stricken. Accordingly, the Court strikes paragraphs 24 through 93 of the First Amended Complaint. However, because Count I is not dismissed, the Court denies Defendants' motion to strike paragraphs 97 through 101.

## CONCLUSION

For the above reasons, the Court GRANTS Defendants' motion to dismiss Counts III through XI and Count XII and DENIES their motion to dismiss Count I. Additionally, the Court GRANTS Defendants' motion to strike paragraphs 24 through 93 and DENIES their motion to strike paragraphs 97 through 101 of the First Amended Complaint.

**IT IS SO ORDERED.**
**Date:** August 5, 20002

_____
Hon. William J. Hibbler
**United States District Court Judge**